**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELENA MILLER, | )<br>) |
| Plaintiff(s), | )<br>)   Case No. 2:13-cv-01659-APG-NJK |
| vs. | )<br>)   ORDER DISCHARGING ORDER |
| NATIONWIDE MUTUAL INSURANCE | )   TO SHOW CAUSE |
| COMPANY, et al., | )<br>)   (Docket No. 10) |
| Defendant(s). | )<br>) |

Pending before the Court is an order to show cause why the parties and their attorneys should not be sanctioned in court fines for failing to comply with the Local Rules concerning conducting a Rule 26(f) conference and filing a proposed discovery plan. *See* Docket No. 10.[1] The parties have now filed a joint response, indicating that both Plaintiff's counsel and Defendants' counsel inadvertently failed to calendar the relevant deadlines. *See* Docket No. 14 at 2. The parties further argue that sanctions should not be imposed because they were not acting in bad faith. *See id.* at 4. As an initial matter, the Court notes that bad faith or intentional misconduct is not always required for the imposition of sanctions. *See, e.g.*, *Martin Family Trust v. HECO/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999) (collecting cases). Nonetheless, the Court finds that monetary sanctions

---

[1] The failure to comply with the Local Rules has not been an isolated occurrence in this case. *See* Docket No. 12 (denying second proposed discovery plan for failure to comply with the Local Rules).

should not be imposed in this matter. The Court has now pointed out that counsel's cavalier approach to complying with the Local Rules was improper and the Court expects moving forward strict compliance with the Local Rules, the Federal Rules of Civil Procedure, and Court orders. Failure to do so may subject the parties and/or counsel to sanctions, up to and including case-dispostive sanctions.

IT IS SO ORDERED.

DATED: November 13, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge